**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

IN RE:

JOHN CHRISTOPHER GIBBS,    No. 3:17-bk-32137-SHB
                                                    CHAPTER 13
    Debtor.

**RESPONSE OF KEITH L. EDMISTON TO ORDER TO SHOW CAUSE**

Keith L. Edmiston ("Counsel"), attorney for debtor John Christopher Gibbs ("Mr. Gibbs"), for his response to the Order to Show Cause entered on September 7, 2017 [Doc. 22], represents the following:

1.    Counsel was engaged by Mr. Gibbs the day prior to the petition being filed. Accordingly, he could not get the statements, schedules, plan, and other documents ready to accompany the petition. For this reason, Counsel had to initiate the case with a skeleton petition.

2.    Mr. Gibbs was supposed to meet Counsel on Saturday, July 22, 2017, prior to the July 25, 2017 original deadline to file deficient schedules and statements and the plan, to provide Counsel with additional information, work with Counsel on the plan, then later that day or the next, review and execute the prepared documents.

3.    The Debtor had an automobile accident on July 18, 2017, rendering him unable to make it to the appointment with counsel on the 22nd. Counsel filed on behalf of the Debtor a motion to extend the deadline, as a result of the accident, to August 3, 2017, which was granted.

4.    Counsel was in contact with Mr. Gibbs constantly about the due dates and payment of the first payment.

    5.      Mr. Gibbs had made arrangements to meet with Counsel on 2-3 instances, 1 being prior to Mr. Gibbs' motorcycle accident.

    6.      Mr. Gibbs did not show, and Counsel could not get ahold of him on those dates except one of the dates when Mr. Gibbs said he could not make it.  Counsel explained the necessity, but Mr. Gibbs, as Counsel recalls, had to be in a meeting in Kentucky he could not be late to.

    7.      Mr. Gibbs informed Counsel that he was not going to have enough money to make any payment of any kind to the trustee within 30 days of the filing date.  This call would have been just before the August 3 due date for filing deficient statements and schedules, etc.

    8.      Counsel believes he had been diligent in this case and has provided adequate representation to Mr. Gibbs.

    9.      Counsel did not show at the hearing on September 6 due to a mental mistake.  On September 6, Counsel thought it was Tuesday until around noon when his assistant or his partner said something about Wednesday and Counsel realized he had missed the hearing.

    10.    Counsel believes he was messed up by Labor Day.

    11.    Counsel understands thinking it was Tuesday is not an excuse, Counsel merely offers an explanation.

    WHEREFORE, for the foregoing reasons, Counsel requests that the Court not sanction him for his representation of Mr. Gibbs and his unintentional failure to appear on September 6.

    RESPECTFULLY SUBMITTED this 20th day of September, 2017.

*/s/Keith L. Edmiston*
Keith L. Edmiston, BPR 018366
EDMISTON BIRDWELL, PLLC
7031 Middlebrook Pike
Knoxville, TN 37909
(865) 248-6038
kedmiston@edmistonbirdwell.com

## CERTIFICATE OF SERVICE

The undersigned certifies that this Response has been served electronically via the Court's CM/ECF System on the following individuals or entities on this the 20th day of September, 2017:

Gwendolyn M. Kerney
Chapter 13 Trustee
P. O. Box 228
Knoxville, TN 37901-0228

Tiffany Diiorio
Office of the U.S. Trustee
800 Market Street, Ste. 114
Knoxville, TN 37902

*/s/Keith L. Edmiston*