UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

IN RE:

JOHN CHRISTOPHER GIBBS,    No. 3:17-bk-32137-SHB
                           CHAPTER 13
Debtor.

## DECLARATION OF JON CHRISTOPHER GIBBS

I, John Christopher Gibbs, the Debtor in this case, do declare under penalty of perjury that the facts stated herein are true and correct to the best of my knowledge, information, and belief:

1. I am John Christopher Gibbs and am the debtor in this case (the "Case")

2. I received a copy of the show cause order and read it. I felt very bad about it. I called Mr. Edmiston and asked him to please tell me know what I can do to help. He responded along the lines of "don't worry about it, it's all good." I told him I wanted to write a statement down and sign it. Mr. Edmiston allowed me to present this Declaration.

3. Immediately after the Case was filed, I left for Kentucky for a job. I rarely went to Knoxville.

4. Mr. Edmiston asked me to come into his office when I'm in Knoxville to sign papers, which I understand were papers not included in the filing.

5. On July 18, 2017, I was riding in Kentucky when I wrecked my motorcycle. The wreck caused me to have several injuries, including multiple fractured ribs, bruises, and abrasions.

6. I had not been to Knoxville before that time.

7. I understand that Mr. Edmiston obtained an extension for filings that were due. I was able to drive a vehicle to get to Knoxville I think on the weekend of the 29th-30th. I just wasn't myself able to meet with Mr. Edmiston at that time.

8. Mr. Edmiston called me and told me I had to get down to Knoxville to sign before August 3, but I didn't go.

9. Mr. Edmiston advised me that my case would get dismissed if the papers weren't signed and filed and told me that he was "reminding you" that it would get dismissed if I didn't make a payment within 30 days from the date we filed, as well.

10. I did not have any money, barely enough to live on or less, during this period. I informed Mr. Edmiston of that during a conversation about a day or two before August 3 and informed him there was no way I could make the payment by August 10 as he instructed.

11. I did not respond appropriately to Mr. Edmiston's requests/demands during this case.

12. I do not have any problems with how Mr. Edmiston represented me. I admit he was on regularly about these things.

13. I have not paid Mr. Edmiston any money for representation in this case.

John Christopher Gibbs

September 20, 2017

## CERTIFICATE OF SERVICE

The undersigned certifies that this Declaration has been served electronically via the Court's CM/ECF System on the following individuals or entities on this the 20th day of September, 2017:

Gwendolyn M. Kerney
Chapter 13 Trustee
P. O. Box 228
Knoxville, TN 37901-0228

Tiffany Diiorio
Office of the U.S. Trustee
800 Market Street, Ste. 114
Knoxville, TN 37902

/s/Keith L. Edmiston